UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WENDY A. LATTIMORE-WIEGAND,

    Plaintiff,

vs.                                                                                                      Case No. 13-12194

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,                            HON. AVERN COHN

    Defendant.
_____/

**MEMORANDUM AND ORDER DENYING PLAINTIFF'S
MOTION FOR RECONSIDERATION (Doc. 23)**

**I. INTRODUCTION**

This is an insurance fraud case. Plaintiff Wendy Lattimore-Wiegand (Plaintiff) is suing Defendant State Farm Mutual Automobile Insurance Company (Defendant) over a provision in her automobile insurance policy providing underinsured motorist (UIM) coverage. The Court dismissed the case. *Lattimore-Wiegand v. State Farm Mut. Auto. Ins. Co.*, No. 13-12194, 2013 WL 5592891 (E.D. Mich. Oct. 10, 2013). Now before the Court is Plaintiff's motion for reconsideration (Doc. 23). The motion is DENIED. The reasons follow.

**II. BACKGROUND**

The facts are stated in the Court's order dismissing the case and are not repeated here. *See Lattimore-Wiegand*, 2013 WL 5592891, at *1–2.

**III. STANDARD OF REVIEW**

The Local Rules of the Eastern District of Michigan provide that "[a] motion for

rehearing or reconsideration must be filed within 14 days after entry of the judgment or order." E.D. Mich. LR 7.1(h)(1). Plaintiff's motion is timely.

No response or oral argument is allowed on a motion for reconsideration unless the court orders otherwise. E.D. Mich. LR 7.1(h)(2).

The Court "will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication." E.D. Mich. LR 7.1(h)(3). To obtain reconsideration of a court order, "the movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case." *Id.* A palpable defect "is a defect which is obvious, clear, unmistakable, manifest, or plain." *Ososki v. St. Paul Surplus Lines Ins. Co.*, 162 F. Supp. 2d 714, 718 (E.D. Mich. 2001).

## IV. DISCUSSION

Plaintiff seeks reconsideration on two grounds. First, Plaintiff argues that the Court incorrectly interpreted Plaintiff's argument and reliance on *Schwartz v. State Farm Mutual Automobile Insurance Company*, 174 F.3d 875 (7th Cir. 1999). Plaintiff contends that she was not arguing that the UIM limits in her insurance policy "cannot be reduced." Rather, she was arguing that an *at-fault driver's* policy limits could never be "reduced," and, therefore, UIM coverage can never apply. The Court disagrees. Plaintiff's reliance on dicta from the *Schwartz* case seeks a strained interpretation of the insurance policy, particularly the UIM coverage provision. As the Court explained, when *Schwartz* is read in its entirety, it is helpful to Defendant's position. Plaintiff's reliance on dicta from *Schwartz* taken out of context is misplaced and not grounds for reconsideration.

Second, Plaintiff contends that the Court erred in its interpretation of the insuring agreement. There was no error in the Court's analysis. Reading the insuring agreement in the way Plaintiff suggests make little sense and, as explained in the order, is not what the parties contemplated.

## V. CONCLUSION

For the reasons stated above, Plaintiff's motion for reconsideration was denied. Plaintiff has not pointed to a palpable defect with the Court's order requiring reconsideration.

SO ORDERED.

                         s/Avern Cohn
                         UNITED STATES DISTRICT JUDGE

Dated: October 31, 2013

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, October 31, 2013, by electronic and/or ordinary mail.

                         S/Sakne Chami
                         Case Manager, (313) 234-5160